**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**
**MARTINSBURG**

**KASPER DOBBS,**

                    **Petitioner,**

**v.**                                                        **Civil Action No. 3:21-CV-24**
                                                              **(GROH)**

**WARDEN MR. HUDGINS,**

                    **Respondent.**

## REPORT AND RECOMMENDATION

### I.    INTRODUCTION

On February 16, 2021, the pro se Petitioner filed an Application for Habeas Corpus Pursuant to 28 U.S.C. § 2241.  ECF No. 1.[1]  Petitioner filed an amended petition on September 22, 2021.  ECF No. 30.  Petitioner filed a second amended petition on February 7, 2022. ECF No. 41.  Petitioner is a federal inmate who is housed at USP Hazelton who is challenging the validity of his conviction and sentence imposed in the United States District Court for the Northern District of Iowa. This matter is pending before the undersigned for an initial review and Report and Recommendation pursuant to LR PL P 2 and 28 U.S.C. § 1915A.

---

[1] All CM/ECF references are to the instant case, 3:21-CV-24, unless otherwise noted.

## II.   FACTUAL AND PROCEDURAL HISTORY[2]

**A.   Conviction and Sentence**

On February 27, 2004, a four-count indictment was returned in the Northern District of Iowa which charged Petitioner and a co-defendant with crimes related to a robbery of a convenience store which occurred on May 22, 2003.  ECF No. 1.  A superseding indictment was returned on July 14, 2004, in which Petitioner was charged in three of the four counts with: in Count 1, with robbery, in violation of 18 U.S.C. §§ 1951, and 2; in Count 2, with use of a firearm, or aid and abet the use and carry of a firearm in relation to a crime of violence, in violation of 18 U.S.C. §§ 924(c), and 2; and in Count 4, with being a felon[3] in knowing possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1), and 2.  ECF No. 42.

Petitioner was convicted by a jury on January 21, 2005, of counts 1, 2, and 4.  ECF No. 160.  On May 4, 2005, Petitioner was sentenced to an aggregate sentence of 444 months.  ECF No. 202 at 2.  It is unclear from the judgment whether Petitioner was sentenced as a career offender under the Guidelines or as an Armed Career Criminal under 18 U.S.C. § 924.  The judgment provides that:

> The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of: 444 months.  This term of imprisonment consists of a 180-month term imposed on Count 1, an 84-month term

---

[2]  All CM/ECF references in Sections II.A., and II.B., refer to entries in the docket of Criminal Action No. 2:04-CR-1004 in the Northern District of Iowa.  ⁅

[3]  The indictment charges Petitioner with having five prior felony convictions in the state of Illinois, which were punishable by imprisonment for a term exceeding one year.  ECF No. 1 at 4.  Those convictions all occurred in Cook County, Illinois and were for: (1) theft in 1987, case number 87 CR 0116001; (2) burglary in 1991, case number 91 CR 1316601; (3) burglary in 1991, case number 91 CR 0929301; (4) robbery in 1993, case number 93 CR 0897301; and (5) possession of a stolen vehicle in 1995, case number 95 CR 0076301.

2

> imposed on Count 2, and a 180-month term imposed on
> Count 4, with these terms of imprisonment to run
> consecutively to one another.
>
> In the alternative, pursuant to U.S.S.G. § 5G1.2(e), the Court
> imposes a term of imprisonment of 444 months.  This term[ ]
> of imprisonment consists of a 240-month term imposed on
> Count 1, an 84-month term imposed on Count 2, and 360-
> month term imposed on Count 4, with Counts 1 and 4 to run
> concurrently with one another and Count 2 to run
> consecutively to Counts 1 and 4.

Id.

### B.    Direct Appeal

Petitioner and co-defendant Robert Wilson appealed their convictions to the

United States Court of Appeals for the Eighth Circuit, which affirmed Petitioner's

conviction and sentence, on August 21, 2006.  ECF No. 260; United States v. Dobbs,

449 F.3d 904 (8th Cir. 2006), cert. denied, 127 S.Ct. 1312 (2007).

### C.    Post-Conviction Relief Motions to Vacate under 28 U.S.C. § 2255

#### 1.  First Motion to Vacate: Case Number 2:08-CV-1006[4]

On February 15, 2008, Petitioner filed a motion for relief under 28 U.S.C. § 2255,

in the Northern District of Iowa, case number 2:08-CV-1006.  ECF No. 1.  On February

23, 2011, the district court denied Petitioner's motion to vacate, finding that Petitioner's

claims were "procedurally defaulted, without merit and/or frivolous.  ECF No. 16 at 2.

Further, the district court found that counsel received effective assistance of counsel and

that he suffered "no prejudice as a result of counsel's actions."   Id.  The Court further

---

[4] All CM/ECF references in Section II.C.1. refer to entries in the docket of Civil Action No. 2:08-
CV-1006 in the Northern District of Iowa.

recognized that Petitioner could not relitigate in a § 2255 collateral proceeding claims that were already addressed on direct appeal.  Id. at 3.

### 2.  Second Motion to Vacate: Case Number 2:13-CV-1009[5]

On March 7, 2013,[6] Petitioner filed a second motion to vacate pursuant to 28 U.S.C. § 2255.  ECF No. 1.  On March 8, 2013, the district court denied Petitioner's motion as an unauthorized second or successive application for relief.  ECF No. 2.

### 3.  Third Motion to Vacate: Case Number 2:13-CV-1021[7]

Petitioner filed a third motion to vacate on July 15, 2013.  ECF No. 1.  By order entered August 20, 2013, the district court denied and dismissed the third motion to vacate, finding that Petitioner still had not obtained authorization to file a second or successive motion to vacate.  ECF Nos. 2, 3.

### 4.  Fourth Motion to Vacate: Case Number 2:16-CV-1017[8]

Petitioner filed a fourth motion to vacate under § 2255 on May 19, 2016.  ECF No. 1.  The district court denied Petitioner's motion on August 28, 2017.  ECF Nos. 4, 5.  The court again found that Petitioner had not obtain authorization to file a second or successive motion.  ECF No. 4 at 1.

---

[5]  All CM/ECF references in Section II.C.2. refer to entries in the docket of Civil Action No. 2:13-CV-1009 in the Northern District of Iowa.

[6]  The motion is stamped as received on March 7, 2013, but not filed by the Clerk until March 8, 2013.  ECF No. 1.

[7]  All CM/ECF references in Section II.C.3. refer to entries in the docket of Civil Action No. 2:13-CV-1021 in the Northern District of Iowa.

[8]  All CM/ECF references in Section II.C.4. refer to entries in the docket of Civil Action No. 2:16-CV-1017 in the Northern District of Iowa.

On June 22, 2020, Petitioner sought authorization from the Eighth Circuit, in that court's docket number 20-2252, to file a second or successive motion to vacate under 28 U.S.C. § 2255.   By order issued September 22, 2020, the Eighth Circuit denied Petitioner's motion for authorization to file a second or successive motion.  ECF Nos. 8, 9.

### 5.  Fifth Motion to Vacate: Case Number 2:20-CV-1025[9]

On June 22, 2020, Petitioner filed a fifth motion to vacate pursuant to § 2255.  ECF No. 1.  Simultaneously, Petitioner filed both his motion for authorization to file a second or successive motion with the Eighth Circuit in 20-2252, relating to his fourth motion to vacate, and in the district court a motion to stay the proceedings in his fifth motion to vacate until the Eighth Circuit ruled on the motion to file a second or successive motion in 20-2252.  ECF No. 2.

By order entered April 15, 2021, the district court denied Petitioner's motion to vacate because the Eighth Circuit denied Petitioner permission to file such a second or successive motion.  ECF No. 3.

### 6.  Sixth Motion to Vacate: Case Number 1:22-CV-8[10]

On January 27, 2022, Petitioner filed a sixth motion to vacate in the Northern District of Iowa.  ECF No. 1.  That case remains pending.

### D.    Prior Motions for Habeas Corpus under § 2241[11]

On September 24, 2014, Petitioner sought relief under § 2241 in the Middle

---

[9]  All CM/ECF references in Section II.C.5. refer to entries in the docket of Civil Action No. 2:20-CV-1025 in the Northern District of Iowa.

[10]  All CM/ECF references in Section II.C.6. refer to entries in the docket of Civil Action No. 2:22-CV-8 in the Northern District of Iowa.

[11] All CM/ECF references in Section II.D. refer to entries in the docket of Civil Action No. 3:14-CV-01855 in the Middle District of Pennsylvania.

District of Pennsylvania when he was incarcerated at Allenwood USP.   ECF No. 1.   The petition was dismissed on October 23, 2014, for lack of jurisdiction.   ECF No. 5. Petitioner appealed to the Court of Appeals for the Third Circuit on November 12, 2014, in that court's docket number 14-4419.   The case was dismissed on December 9, 2014, upon Plaintiff's motion.   ECF No. 9.

      **E.**    **Claims in Instant § 2241 Petition**

      Petitioner filed a motion to amend his petition on January 31, 2022.   ECF No. 39. On February 7, 2022, Petitioner filed a second amended petition.   ECF No. 41.   The second amended § 2241 petition states five grounds for relief.   The first three grounds challenge Petitioner's sentence.   The last two grounds challenge Petitioner's conviction. Petitioner contends that: (1) his sentence is invalid because he is "factual[ly] innocent" of an Illinois state offense 91-CR-13166, and thus any documents related to that state offense which were used by the Northern District of Iowa to enhance his federal sentence were fraudulent; (2) an Illinois burglary conviction was improperly used to enhance his sentence under the Armed Career Criminal Act; (3) his sentence was improperly imposed based on an altered criminal history summary which caused Petitioner's history to "appear more 'serious' to disproportionately subject Petitioner to a 'life' sentence"; (4) that Petitioner was actually innocent of possession of a firearm used in the commission of a crime; and (5) that Petitioner was actually innocent of aiding and abetting the use and carry of a firearm, and that there was insufficient evidence to support his conviction.   ECF No. 41 at 5 – 15.

      For relief, Petitioner asks this Court to: (1) correct his criminal history summary and "remove (all) offenses [he has] not been arrested for or finger print[ed] for and make

corrections in dates and offenses"; (2) vacate his sentence and resentence him without the Armed Career Criminal and career offender enhancements; and (3) immediate release from custody. ECF No. 41 at 11, 17.

## III.   LEGAL STANDARDS

### A.   Reviews of Petitions for Relief

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and the Court's Local Rules of Prisoner Litigation Procedure, this Court is authorized to review such petitions for relief and submit findings and recommendations to the District Court. This Court is charged with screening Petitioner's case to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts; see also Rule 1(b) Rules Governing Section 2254 Cases in the U.S. District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

### B.   Pro Se Litigants

Courts must read *pro se* allegations in a liberal fashion and hold those pro se pleadings "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972). Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. A complaint is frivolous if it is without arguable merit either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989) (superseded by statute). The Supreme Court in Neitzke recognized that:

7

Section 1915(d)[12] is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11. To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.

Id. at 327.

## IV.   ANALYSIS

Prisoners seeking to challenge the validity of their convictions or their sentences are required to proceed under § 2255 in the district court of conviction.  By contrast, a petition for writ of habeas corpus, pursuant to § 2241, is generally intended to address the execution of a sentence, rather than its validity, and is to be filed in the district where the prisoner is incarcerated.  Fontanez v. O'Brien, 807 F.3d 84, 85 (4th Cir. 2015).  In a § 2241 petition, a prisoner may seek relief from such things as the administration of his parole, computation of good time or jail time credits, prison disciplinary actions, the type of detention, and prison conditions in the facility where incarcerated. Id.; see also Adams v. United States, 372 F.3d 132, 135 (2d Cir. 2004).

While the terms of § 2255 expressly prohibit prisoners from challenging their convictions and sentences through a habeas corpus petition under § 2241, there is nonetheless a "savings clause" in § 2255, which allows a prisoner to challenge the validity

---

[12]   The version of 28 U.S.C. § 1915(d) which was effective when Neitzke was decided provided, "The court may request an attorney to represent any such person unable to employ counsel and may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious." As of April 26, 1996, the statute was revised and 28 U.S.C. § 1915A(b) now provides, "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."

of his conviction and/or his sentence under § 2241, if he can demonstrate that § 2255 is "inadequate or ineffective to test the legality of his detention."  28 U.S.C. § 2255(e).  The law is clearly developed, however, that relief under § 2255 is not inadequate or ineffective merely because relief has become unavailable under § 2255 because of (1) a limitation bar,[13] (2) the prohibition against successive petitions, or (3) a procedural bar due to failure to raise the issue on direct appeal.  In re Vial, 115 F. 3d 1192, 1194 n. 5 (4th Cir. 1997).

A petitioner bears the burden of demonstrating that the § 2255 remedy is "inadequate or ineffective,"[14] and the standard is an exacting one.  The Fourth Circuit has announced two tests for evaluating whether a petitioner's claim satisfies the § 2255(e) savings clause. Which test is to be applied depends on whether the petitioner is challenging the legality of his conviction or the legality of his sentence.  See United States v. Wheeler, 886 F.3d 415, 428 (4th Cir. 2018); In re Jones, 226 F.3d 328, 333–34 (4th Cir. 2000).  When a petitioner is challenging the legality of his conviction, § 2255 is deemed to be "inadequate or ineffective" only when all three of the following conditions are satisfied:

---

[13]  In 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") was enacted, establishing a one-year limitation period within which to file any federal habeas corpus motion. 28 U.S.C. § 2255. The limitation period shall run from the last of:

    a.    The date on which the judgment of conviction becomes final;

    b.    The date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

    c.    The date on which the right was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    d.    The date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

[14]  This is the equivalent of saying that "the § 2255(e) savings clause is satisfied."

> (1) at the time of the conviction, the settled law of this Circuit or of the Supreme Court established the legality of the conviction;
>
> (2) subsequent to the prisoner's direct appeal and first section 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and
>
> (3) the prisoner cannot satisfy the gate-keeping provisions of section 2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d at 333–34.

When a petitioner is challenging the legality of his sentence, § 2255 is deemed to be "inadequate or ineffective" only when all four of the following conditions are satisfied:

> (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence;
>
> (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review;
>
> (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and
>
> (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

Wheeler, 886 F.3d at 429.  The Fourth Circuit has specified that a change of substantive law within the Circuit, not solely in the Supreme Court, would be sufficient to satisfy the second prong of the four-part test established in Wheeler. Id.  Because the requirements of the savings clause are jurisdictional, a § 2241 petitioner relying on the § 2255(e) savings clause must meet the Jones test (if challenging the legality of his conviction) or the Wheeler test (if challenging the legality of his sentence) for the court to have subject-

matter jurisdiction to evaluate the merits of the petitioner's claims.  See Wheeler, 886 F.3d at 423–26.

In the five grounds for relief articulated in the second amended petition, Petitioner claims in three grounds that his sentence was improperly enhanced, and in two grounds that there was insufficient evidence to convict him.  ECF No. 41.  Petitioner asks the Court to vacate his sentence and resentence him without any enhancements.  Id. at 17.

The Court first addresses Petitioner's challenges to his conviction articulated in his fourth and fifth grounds for relief.  Petitioner asserts that he was actually innocent of (a) possession of a firearm used in the commission of a crime and (b) of aiding and abetting the use and carrying of a firearm.  Because Petitioner is challenging his conviction in a § 2241, he must meet all three prongs of the Jones test for this Court to have jurisdiction to hear his challenge on the merits.

The second prong of the Jones test requires that, "subsequent to the prisoner's direct appeal and first section 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal."  Petitioner cannot meet the second prong of Jones, because there has been no change to the settled substantive law, and because there was no change, nothing can be deemed to apply retroactively on collateral review.

Subsequent to Petitioner's direct appeal and first section 2255 motion, the substantive law related to the conduct of which Petitioner was convicted has not changed so that that conduct is no longer deemed to be criminal.  The crimes Petitioner was convicted of committing—robbery, in violation of 18 U.S.C. §§ 1951, and 2; use of a firearm, or aid and abet the use and carry of a firearm in relation to a crime of violence, in

violation of 18 U.S.C. §§ 924(c), and 2; and being a felon in knowing possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1), and 2—are still violations of law. Therefore, Petitioner cannot satisfy the second prong of <u>Jones</u>. Consequently, because Petitioner in attacking the validity of his conviction fails to establish that he meets the <u>Jones</u> requirements, he has not demonstrated that a section 2255 petition is an inadequate or ineffective remedy, and he cannot meet the savings clause. Accordingly, because Petitioner cannot satisfy the savings clause of § 2255(e) under <u>Jones</u>, his claim may not be considered under § 2241, and this Court is without jurisdiction to consider his petition.

When subject-matter jurisdiction does not exist, "the only function remaining to the court is that of announcing the fact and dismissing the cause." <u>Steel Co. v. Citizens for a Better Env't</u>, 523 U.S. 83, 118 S.Ct. 1003, 1012–16 (1998); <u>Reinbold v. Evers</u>, 187 F.3d 348, 359 n.10 (4th Cir. 1999). Accordingly, the undersigned recommends that the Petitioner's fourth and fifth claims which challenge his conviction should be dismissed without prejudice.

Further, the Court notes that Plaintiff's claim of insufficiency of the evidence related to these two claims was previously raised in Petitioner's direct appeal with the Eighth Circuit and rejected by that tribunal. That Court found that:

> Dobbs was indicted and convicted of aiding and abetting on the gun counts.[ ] 18 U.S.C. § 2(a) defines "principal" to include persons who aid or abet others in the commission of an offense. Also, 18 U.S.C. § 2(b) states, "Whoever willfully causes an act to be done which if directly performed by him or another would be an offense against the United States, is punishable as a principal." By directing [co-defendant] Wilson's actions during the robbery and therefore during the use of the gun, 18 U.S.C. § 2(b) makes Dobbs punishable as a principal based on Wilson's possession and use of the gun.

12

N.D. Iowa 2:04-CR-1004, ECF No. 260, at 14.  The Fourth Circuit has long recognized that questions fully considered by that court upon direct appeal may not be reconsidered by district courts after a petitioner recasts such an argument "under the guise of collateral attack." Boeckenhaupt v. United States, 537 F.2d 1182, 1183 (4th Cir. 1976).

As to Petitioner's challenges to his sentence raised in first, second, and third grounds, Petitioner is not entitled to relief.  Petitioner asks that his sentence be vacated and that he be resentenced without the Armed Career Criminal and career offender enhancements. ECF No. 41 at 17.  Because Petitioner's direct appeal rights have expired, he may seek leave to file a § 2255 under § 2255(h)(2) or he can file a § 2241 relying on the § 2255(e) savings clause.  But Petitioner's argument does not rely on newly discovered evidence or an applicable new rule of constitutional law, and relief under 28 U.S.C. § 2255(h) is inappropriate.  Therefore, in order for Petitioner to obtain relief under § 2241, he must rely on the § 2255(e) savings clause.  Because Petitioner is challenging his sentence in a § 2241, he must meet four prongs of the Wheeler test for this Court to have jurisdiction to hear his challenge on the merits.

The undersigned first reviews Petitioner's claim that he was improperly sentenced under 18 U.S.C. § 924(c).  To the extent that United States v. Davis, 139 S.Ct. 2319 (2019), invalidated § 924(c), that decision only invalidated the residual clause contained within § 924(c)(3)(B), which is not implicated in Petitioner's sentence.  Instead, Petitioner's sentence was properly imposed under § 924(c)(3)(A) based on his conviction for robbery, which provision remains in effect after Davis.  Therefore, Petitioner fails to satisfy the second clause of the second prong of the Wheeler test.  Moreover, as the substantive law regarding § 924(c)(2) has not changed, there is nothing to apply

retroactively on collateral review, and Petitioner has failed to satisfy the third clause of the second prong of the <u>Wheeler</u> test. Accordingly, Petitioner fails to meet the second requirement of <u>Wheeler</u>, and the undersigned need not address the third and fourth prongs of <u>Wheeler</u>. Because Petitioner cannot satisfy the savings clause of § 2255(e) under <u>Wheeler</u>, his challenges to his sentence under his first, second or third grounds, may not be considered under § 2241, and this Court is without jurisdiction to consider his petition.

Alternatively, if Petitioner was sentenced as a career offender under U.S.S.G. §§ 4B1.1, and 5G1.2(e), again, Petitioner is not entitled to relief. Petitioner cannot meet the fourth Wheeler prong, which requires a showing that due to a retroactive change in the law, Petitioner's sentence now presents an error sufficiently grave to be deemed a fundamental defect. <u>See</u> <u>Lester v. Flournoy</u>, 909 F.3d 708, 715 (4th Cir. 2018). In <u>Lester</u>, the Fourth Circuit concluded that a misclassification as a career offender can be a fundamental defect if the sentencing occurred pre-<u>Booker</u> when the sentencing Guidelines were mandatory. <u>Id.</u> at 714.

However, the <u>Lester</u> Court explicitly noted that had Lester's career offender misclassification occurred under the post-<u>Booker</u>, <u>advisory</u> Guidelines, his petition would have been barred as failing to meet the fourth <u>Wheeler</u> prong. <u>Id.</u> at 715 ("<u>Foote</u>[15]

---

[15] In <u>United States v. Foote</u>, 784 F.3d 931 (4th Cir. 2015), the Fourth Circuit was faced with the issue of whether a petitioner's claim that he was misclassified as a career offender under the advisory Guidelines at sentencing was cognizable under § 2255. The <u>Foote</u> Court concluded that such a claim was not cognizable under § 2255. <u>Foote</u>, 784 F.3d at 932. In reaching its conclusion, the court recognized that "§ 2255 does not allow for a court's consideration and correction of *every* alleged sentencing error," and that "if the alleged sentencing error is neither constitutional nor jurisdictional, a district court lacks authority to review it unless is amounts to 'a fundamental defect which inherently results in a complete miscarriage of justice.'" <u>Id.</u> at 936 (quoting <u>Davis v. United States</u>, 417 U.S. 333, 346 (1974)). The <u>Foote</u> Court ultimately concluded that the misclassification of a petitioner as a career offender under the advisory Guidelines does not result in a fundamental defect that inherently results in a miscarriage of justice. <u>Id.</u> at 940, 944.

14

undoubtedly would bar Lester's petition had he been sentenced under the advisory Guidelines.").  This is because post-<u>Booker</u>, "the Guidelines lack[ ] legal force," and "an erroneous advisory Guidelines classification [i]s unlike a violation of a statute or constitutional provision." <u>Id.</u>  When a petitioner is sentenced under the post-<u>Booker</u>, purely advisory Guidelines, "the district court not only ha[s] discretion to decide whether the Guidelines sentence [i]s justified, but in fact [i]s required to do so." <u>Id.</u>  In conclusion, the <u>Lester</u> Court observed that "the savings clause should provide only the tightest alleyway to relief.  Section 2255 is not 'inadequate or ineffective' just because the prisoner can't successfully challenge his sentence under that provision." <u>Id.</u> at 716.

If in this case, provided Petitioner was sentenced as a career offender under the post-<u>Booker</u>, advisory Guidelines,[16] regardless of whether this was a misapplication of the career offender enhancement, the law in this Circuit makes clear that he cannot satisfy the fourth <u>Wheeler</u> prong, and, therefore, fails to satisfy the § 2255(e) savings clause.  Accordingly, his challenge to his sentence on this ground may not be considered under § 2241, and this Court is without jurisdiction to consider his petition.

When subject-matter jurisdiction does not exist, "the only function remaining to the court is that of announcing the fact and dismissing the cause." <u>Steel Co. v. Citizens for a Better Env't</u>, 523 U.S. 83, 118 S.Ct. 1003, 1012–16 (1998); <u>Reinbold v. Evers</u>, 187 F.3d 348, 359 n.10 (4th Cir. 1999).

---

[16] <u>United States v. Booker</u>, 543 U.S. 220 (2005), was decided on January 12, 2005.  Petitioner was sentenced on May 4, 2005.

## V.    RECOMMENDATION

For the foregoing reasons, the undersigned **RECOMMENDS** that the petition [ECF No. 1] be **DENIED** and **DISMISSED WITHOUT PREJUDICE.**

It is further **RECOMMENDED** that Petitioner's motion to amend [ECF No. 39] be **GRANTED** based on the filing of Petitioner's second amended Petition [ECF No. 41], and this Court's consideration of the issues raised therein.

The Petitioner shall have **fourteen (14) days** from the date of filing this Report and Recommendation within which to file with the Clerk of this Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.**  A copy of such objections should also be submitted to the Honorable Gina M. Groh, Chief United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.**  28 U.S.C. §636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

This Report and Recommendation completes the referral from the district court. The Clerk is directed to terminate the Magistrate Judge's association with this case.

16

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* Petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

DATED:        February 7, 2022

/s/ *Robert W. Trumble*
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE