IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

**KASPER DOBBS,**

      Petitioner,

v.                                          CIVIL ACTION NO.: 3:21-CV-24
                                                     (GROH)

**R. WOLFE,**

      Respondent.

## ORDER OVERRULING OBJECTIONS AND ADOPTING
## THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Currently before the Court is a Report and Recommendation ("R&R") entered by United States Magistrate Judge Robert W. Trumble on February 8, 2022. ECF No. 42. Pursuant to Rule 2 of the Local Rules of Prisoner Litigation Procedure, this action was referred to Magistrate Judge Trumble for submission of an R&R. Therein, Magistrate Judge Trumble recommends that this Court deny and dismiss without prejudice the Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. The Petitioner timely filed his objections to the R&R on February 14, 2022. ECF No. 45. Accordingly, this matter is now ripe for adjudication.

## I. BACKGROUND

On February 16, 2021, Kasper Lamar Dobbs ("Petitioner), acting pro se, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. ECF No. 1. The Petitioner filed an amended petition on September 22, 2021, [ECF No. 30] and then a second amended petition on February 7, 2022 [ECF No. 41]. In his most recent filing, the

Petitioner alleges five grounds for relief, three pertaining to his sentence and two pertaining to his conviction.

The conviction and sentence underlying the petition stems from a four-count Indictment filed in the United States District Court for the Northern District of Iowa on February 27, 2004 and superseded on July 14, 2004. ECF Nos. 1, 42 in 2:04-cr-01004-CJW-MAR. The Petitioner was charged in three of the four counts: one count of robbery in violation of 18 U.S.C. §§ 2, 1951; one count of aiding and abetting the use and carry of a firearm in relation to a crime of violence in violation of 18 U.S.C. §§ 2, 924(c) and one count of being a felon in knowing possession of a firearm in violation of 18 U.S.C. §§ 2, 922(g)(1). ECF No. 42 in 2:04-cr-01004-CJW-MAR. A jury convicted the Petitioner of all three counts on January 21, 2005 [ECF No. 160 in 2:04-cr-01004-CJW-MAR], and the Petitioner was sentenced to a total of 444 months on May 4, 2005 [ECF No. 202 in 2:04-cr-01004-CJW-MAR].

Regarding his conviction, the Petitioner argues that (1) he was actually innocent of possessing a firearm in the commission of a crime and (2) he was actually innocent of aiding and abetting the use and carry of a firearm and insufficient evidence supported his conviction of this offense. With respect to his sentence, the Petitioner claims that the Northern District of Iowa (1) erroneously enhanced his sentence when it considered his state conviction in 91-CR-13166 because he was factually innocent of the crime charged, (2) erroneously enhanced his sentence when it applied a state burglary charge under the Armed Career Criminal Act and (3) erroneously enhanced his sentence when it relied on a fabricated criminal history.

The Petitioner makes two requests for relief in his petition.  First, the Petitioner requests that the Court correct his criminal history summary and remove offenses that he was not arrested or fingerprinted for, as well as make corrections to certain dates of offenses.  Second, the Petitioner moves the Court to vacate his sentence and resentence him without enhancements under the Armed Career Criminal Act or United States Sentencing Guidelines.

Upon reviewing the record, the Court finds that the factual and procedural background as explained in the R&R accurately and succinctly describe the evolution of the Petitioner's civil action and the factual circumstances underlying the Petitioner's claims.  Further, the Petitioner did not object to the Factual and Procedural History Section of the R&R.  For ease of review, the Court incorporates that history herein.

In his R&R, Magistrate Judge Trumble recommends that this Court deny and dismiss without prejudice the Petitioner's habeas petition.  As to the Petitioner's claims challenging his sentence, the magistrate found that the Petitioner's sentence was not improperly enhanced.  Specifically, the magistrate found that the Petitioner cannot satisfy the jurisdictional test set forth in Wheeler because the Petitioner cannot show that, after his direct appeal and first § 2255 motion, the challenged settled substantive law changed and was deemed to apply retroactively on collateral review.  See United States v. Wheeler, 886 F.3d 415, 428 (4th Cir. 2018).  To the extent that the Petitioner argues that he was improperly characterized as a career offender under the Sentencing Guidelines, the magistrate noted that the Petitioner was sentenced after the decision in Booker, which made the guidelines advisory.  See United States v. Booker, 543 U.S. 220 (2005).

As it applies to the Petitioner's claims challenging his conviction, the magistrate found that the Petitioner cannot satisfy the jurisdictional test set forth in Jones. In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000). In particular, the magistrate found that the Petitioner cannot show that the substantive law related to the conduct charged in his conviction changed so that the conduct is no longer criminal. Further, regarding the Petitioner's claims of insufficient evidence, the magistrate found that the Petitioner previously raised and fully exhausted these claims in his direct appeal.

The Petitioner timely filed objections to the R&R on February 14, 2022. ECF No. 45. A week later, the Petitioner filed an appeal with the United States Court of Appeals for the Fourth Circuit concerning the grounds raised in his petition. ECF No. 48. On August 11, 2022, the Fourth Circuit entered its mandate finalizing the dismissal of the Petitioner's appeal for failure to prosecute. ECF Nos. 54, 55. The Respondent has not filed any objections or a response to the Petitioner's objections, and the time to do so has passed. Accordingly, this matter is now ripe for adjudication.

## II. LEGAL STANDARD

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a de novo review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. Thomas v. Arn, 474 U.S. 140, 150 (1985). Further, failure to file timely objections constitutes a waiver of de novo review and the Petitioner's right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir.1989); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Pursuant to this Court's local rules, "written objections shall identify

4

each portion of the magistrate judge's recommended disposition that is being challenged and shall specify the basis for each objection." LR PL P 12(b). The local rules also prohibit objections that "exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation." LR PL P 12(d).

"When a party does make objections, but these objections are so general or conclusory that they fail to direct the district court to any specific error by the magistrate judge, de novo review is unnecessary." Green v. Rubenstein, 644 F. Supp. 2d 723, 730 (S.D. W. Va. 2009) (citing Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982)). "When only a general objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to only a clear error review." Williams v. New York State Div. of Parole, No. 9:10-CV-1533 (GTS/DEP), 2012 WL 2873569, at *2 (N.D.N.Y. July 12, 2012). "Similarly, when an objection merely reiterates the same arguments made by the objecting party in its original papers submitted to the magistrate judge, the Court subjects that portion of the report-recommendation challenged by those arguments to only a clear error review." Taylor v. Astrue, 32 F. Supp. 3d 253, 260-61 (N.D.N.Y. 2012).

Courts have also held that when a party's objection lacks adequate specificity, the party waives that objection. See Mario v. P & C Food Markets, Inc., 313 F.3d 758, 766 (2d Cir. 2002) (finding that even though a party filed objections to the magistrate judge's R&R, they were not specific enough to preserve the claim for review). Bare statements "devoid of any reference to specific findings or recommendations . . . and unsupported by legal authority, [are] not sufficient." Mario, 313 F.3d at 766. Pursuant to the Federal

Rules of Civil Procedure and this Court's Local Rules, "referring the court to previously filed papers or arguments does not constitute an adequate objection." Id.; see also Fed. R. Civ. P. 72(b); LR PL P 12.  Finally, the Fourth Circuit has long held, "[a]bsent objection, we do not believe that any explanation need be given for adopting [an R&R]." Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983) (finding that without an objection, no explanation whatsoever is required of the district court when adopting an R&R).

### III.  DISCUSSION

Upon review of the filings in this matter, the Court finds that the Petitioner has presented no new material facts or arguments in his objections to the magistrate judge's R&R.  ECF No. 45.   In his objections, the Petitioner reiterates his argument that he is actually innocent of the crime charged in his state conviction in 91-CR-13166, that his burglary charge should not have been considered at sentencing under the Guidelines, that insufficient evidence was used to support his conviction, that his criminal history was altered and that he was actually innocent of aiding and abetting the use or carry of a firearm in a crime of violence.  At no point in his objections does the Petitioner cite, refer or acknowledge any specific findings or recommendations presented in the R&R.

Without new citations or an argument that the magistrate judge misapplied the law cited, there is nothing material for this Court to consider.  Therefore, the Court finds that de novo review is not required because the Petitioner's objections offer no new legal arguments or factual considerations.  Green, 644 F. Supp. 2d at 730 ("When a party does make objections, but these objections are so general or conclusory that they fail to direct the district court to any specific error by the magistrate judge, de novo review is unnecessary.").  Instead, this Court will review the R&R for clear error.  See Taylor, F. Supp. at 253.  Upon review of the R&R for clear error, the Court finds none; Magistrate

Judge Trumble applied the appropriate legal analysis to the facts presented and provided recommendations consistent with his analysis.  To the extent that the Petitioner objects generally to the denial of the claims presented in his petition, his objection is **OVERRULED**.

Lastly, still pending before this Court is the Petitioner's Motion to Reduce § 2241. ECF No. 39.  Therein, the Petitioner states that a new warden now leads the federal correctional institution where he is incarcerated and then briefly reiterates his arguments regarding his criminal history and actual innocence.  Shortly thereafter, the Petitioner submitted his second, and final, amended petition, wherein he replaced Warden Hudgins with Warden Wolfe as the Respondent and again asserted his challenges to his conviction and sentence.  Because the magistrate addressed the Petitioner's second amended petition in his R&R, the Court will **GRANT** the Petitioner's motion as it is construed as a motion to amend.

## IV.  CONCLUSION

Accordingly, finding that Magistrate Judge Trumble's R&R carefully considers the record and applies the appropriate legal analysis, it is the opinion of this Court that Magistrate Judge Trumble's Report and Recommendation [ECF No. 42] should be, and is, hereby **ORDERED ADOPTED**.  For the reasons stated more fully in the R&R, the Petitioner's Petition for Writ of Habeas Corpus [ECF No. 41] pursuant to 28 U.S.C. § 2241 is **DENIED and DISMISSED WITHOUT PREJUDICE**.

Further, the Petitioner's Motion to Reduce § 2241 [ECF No. 39] is **GRANTED** based on the filing of the Petitioner's second amended petition and the Court's consideration of the issues raised therein.

This case is **ORDERED STRICKEN** from the Court's active docket.

The Clerk of Court is **DIRECTED** to transmit copies of this Order to all counsel of record and the pro se Petitioner, by certified mail, at his last known address as reflected upon the docket sheet.

**DATED:** August 29, 2022

_____
GINA M. GROH
UNITED STATES DISTRICT JUDGE